**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MECHELL THOMPSON,

    Plaintiff,

vs.                              CASE NO. 3:12-cv-692-J-99TJC-TEM

MOSBY LEGAL GROUP, LLC,
RICARDO MOSBY, and
JOHN DOE CORPORATION,

    Defendants.

_____/

## O R D E R

      This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 15), filed May 17, 2013. Plaintiff requests the Court enter default judgment against Defendants Mosby Legal Group, LLC, Ricardo Mosby and John Doe Corporation pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure in the amount of $7,559.25. For the reasons stated herein, the motion shall be **DENIED without prejudice**.

      Plaintiff's motion is due to be denied for several reasons. First, Plaintiff seeks entry of default judgment against a "John Doe" defendant. A district court may not enter default judgment unless it is satisfied that it has personal jurisdiction over the defendant. A prerequisite to the court's acquiring personal jurisdiction over the defendant is proper service on the defendant of the summons and complaint. Consequently, default judgments cannot be entered against unnamed or fictitious parties because they have not been properly identified and served. *See Sanders v. Gilbert*, 46 F.3d 1145, 1995 WL 23632, at *1 (9th Cir. 1995); *Flythe v. Solomon & Strauss*, LLC, No. 09-6120, 2011 WL 2314391, at

*1 (E.D. Pa. June 8, 2011); *Checkpoint Sys., Inc. v. Castleton Enters., Inc.*, No. 5:10-cv-128, 2010 WL 1742104, at *2 (N.D. Ohio Apr. 29, 2010); *Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, *2 (E.D. Wis. Jan. 29, 2009). Since filing the complaint, Plaintiff has not sought leave to amend the complaint in order to substitute the identity of the unnamed John Doe Corporation or otherwise indicated that the John Doe Corporation has been served. Accordingly, Plaintiff is directed to show cause within 14 days as to why she has failed to effect service on Defendant John Doe Corporation and why the undersigned should not recommend to the District Judge that Defendant John Doe Corporation be dismissed from this case.

Second, Plaintiff's motion seeks entry of default judgment against Defendant Ricardo Mosby prior to entry of Clerk's Default. It is inappropriate to file a motion for default judgment prior to obtaining an entry of default from the Clerk. *See* Rule 55 (outlining a two-step procedure of obtaining default judgment); *Checkpoint Sys.*, 2010 WL 1742104, at *1. In any event, it does not appear Plaintiff has properly served Defendant Ricardo Mosby. On November 28, 2012, the Court granted Plaintiff's motion to serve Defendant Ricardo Mosby via substitute service. The Court provided Plaintiff until January 25, 2013 within which to effectuate substitute service of process in accordance with Florida Statutes §§ 48.181 and 48.161.

In an effort to properly serve Defendant, Plaintiff served a copy of the summons and complaint on the Florida Secretary of State pursuant to Florida Statutes Sections 48.181 and 48.161 (*see* Doc. 14). These statutory provisions provide, *inter alia*, that in certain circumstances substitute service of process may be effectuated upon a nonresident or a party who conceals his or her whereabouts. *See* Fla. Stat. §§ 48.181 and 48.161. The

requirements of these statutory provisions, however, must be strictly complied with. *Wise v. Warner*, 932 So.2d 591, 593-94 (Fla. 5th DCA 2006).

In this instance, the requirements of Sections 48.181 and 48.161 have not been strictly compiled with. To effectuate proper service of process pursuant to Florida Statutes Section 48.161, a plaintiff must: (1) allege facts in the complaint that bring the defendant within the purview of the substitute service statute (*e.g.*, that the defendant is a nonresident subject to the court's jurisdiction who cannot be located despite due diligence or that the defendant is actively concealing his or her whereabouts); (2) serve the Secretary of State by providing him or her (or their delegate) with a copy of the summons and complaint; (3) pay the requisite fee to the Secretary of State; (4) provide **Notice** of service upon the Secretary of State **to the defendant** by sending him or her a copy of the summons and the complaint **by registered or certified mail**; (5) **file the registered or certified mail return receipt**; and (6) **file an affidavit of compliance on or before the return date of the process**. Fla. Stat. § 48.161(1); *see also Hernandez v. State Farm Mutual Automobile Ins. Co.*, 32 So.3d 695, 699 (Fla. 4th DCA 2010).

Because the statutes that allow for substitute service of process are an exception to the general rule requiring that a defendant be personally served, "due process values require strict compliance." *Monaco v. Nealon*, 810 So.2d 1084, 1085 (Fla. 4th DCA 2002). Courts, however, "may dispense with **the filing of a postal receipt** if a substituted service statute is invoked on the ground that the defendant is evading service." *Chapman v. Sheffield*, 750 So.2d 140, 143 (Fla. 1st DCA 2000). This, however, "does not mean [the plaintiff] need not bother with registered or certified mail. . . ; rather, the failure to comply

with the statutory requirement [that a postal receipt be filed] has been excused when the record shows that the party to be served is deliberately refusing to accept delivery." *Wise*, 932 So.2d at 593 (*citing Woodworth v. Smith*, 773 So.2d 1170 (Fla. 2nd DCA 2000).

In *Woodworth*, *supra*, the 2nd DCA reversed the trial court's denial of a motion to quash service of process, even though the defendant had actual notice via regular mail, because the plaintiff failed to strictly adhere to the mandates of Florida Statutes Section 48.161, requiring delivery by registered or certified mail. Likewise, in *Jennings v. Montenegro*, the court stated, "where substitute service of process is used, strict compliance with the statutes governing this form of service is essential to obtaining valid personal jurisdiction over the defendant(s)." 792 So.2d 1258 (Fla. 4th DCA 2001).

Although the record tends to indicate that Defendant Ricardo Mosby may indeed be attempting to evade service of process, this merely makes it appropriate for Plaintiff to use Florida's substitute service statutes as a means of effectuating proper service of process. If Plaintiff elects to use such statutes, it must strictly comply with the mandates provided for therein. Since Defendant Ricardo Mosby appears to be evading service of process, Florida Statutes Section 48.181 requires, *inter alia*, that the Secretary of State be served and that Notice and process be sent by registered or certified mail to Defendant's last known address.

On the record before the Court, it does not appear that Plaintiff sent the requisite Notice and process (a copy of the summons and the complaint) by registered or certified mail to Defendant Ricardo Mosby (*see* Doc. 14). While the Court may dispense with the requirement that Plaintiff file a returned postal receipt if it finds Defendant is evading service of process, Plaintiff must nevertheless provide the Court with an affidavit indicating her

strict compliance with the statutes of Florida. Furthermore, the Affidavit of Service indicates the Secretary of State was served on January 28, 2013, three days after the deadline provided by the Court. Plaintiff has not provided the Court with an explanation as to why service was not effected within the extension provided by the Court or alleged good cause for an additional extension of time.

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Motion for Default Judgment (Doc. 15) is **DENIED without prejudice**.

2. Plaintiff is directed to show cause **within 14 days** as to why she has failed to effect service on Defendant John Doe Corporation and why the undersigned should not recommend to the District Judge that Defendant John Doe Corporation be dismissed from this case.

3. Plaintiff is directed to show cause **within 14 days** as to why service was not perfected as to Defendant Ricardo Mosby within the time provided by the Court in its November 28, 2012 Order (Doc. 13).

**DONE AND ORDERED** at Jacksonville, Florida this 21st day of May, 2013.

Copies to:
All Counsel of Record
*Pro se* parties, if any

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge