**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MECHELL THOMPSON,

    Plaintiff,

vs.                                        CASE NO. 3:12-cv-692-J-99TJC-TEM

MOSBY LEGAL GROUP, LLC, AND
RICARDO MOSBY,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

This matter is before the Court on Plaintiff's Amended Motion for Default Judgment Against Defendants (Doc. #28, "Amended Motion"), filed October 24, 2013. For the reasons stated herein, it is respectfully **RECOMMENDED** that Judgment be entered against Defendants and in favor of the Plaintiff.

**I.**     **Background**

Plaintiff filed a complaint on June 18, 2012, alleging Defendants Mosby Legal Group, LLC ("MLG"), Ricardo Mosby ("Mosby"), and John Doe Corporation violated provisions of the Fair Debt Collection Practices Act and the Florida Consumer Practices Act (*see* Doc. #1, Complaint). Plaintiff was unable to learn the identity of John Doe Corporation and sought dismissal of the Defendant, which was ordered by the Court on August 5, 2013 (Doc. #24).

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to file a timely objection waives a party's right to a *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Review of the record reveals Defendant MLG was properly served a summons and copy of the Complaint on July 16, 2012 (*see* Doc. #4). Service was made upon MLG's Chief Operating Officer, who is noted on the Proof of Service to be authorized to accept service. *Id.; See also* Fed. R. Civ. P. 4 and Fla. Stat. §§ 48.081, 607.0504. On September 7, 2012, Plaintiff filed a Motion for Entry of Clerk's Default (Doc. #6), and the Clerk entered default against MLG on September 10, 2012 (Doc. #7). To date, MLG has neither filed an answer, nor any other response.

Return of service was executed as to Mosby, c/o Secretary of State on January 28, 2012 (Doc. #14)[2], and Plaintiff moved for entry of Clerk's default on July 17, 2013 (Doc. #20)[3]. On August 2, 2013 (Doc. #23), the Clerk entered default against Mosby. To date, Mosby has neither filed an answer, nor any other response.

On August 8, 2013, Plaintiff moved the Court for default judgment against Mosby and MLG (Doc. #25). This Court recommended Plaintiff's motion be denied without

---

[2] Plaintiff moved the Court for an extension of time to serve Mosby after a number of failed attempts (Doc. #10). The Court granted the motion on October 19, 2012 (Doc. #11), but Plaintiff was still unable to effectuate service in the time period allotted by the Court. On November 28, 2012, the Court granted Plaintiff leave to serve Mosby by alternate means (Doc. #13).

[3] This Court recognizes the approximate six month delay between Plaintiff serving Mosby c/o Secretary of State and moving for entry of Clerk's default. The record reveals that Plaintiff served Mosby, c/o Secretary of State three days after the deadline set by the Court (*see* Doc. #17). Further, Plaintiff failed to perfect service in the time set by the Court, as she did not: (1) provide notice of service upon the Secretary of State to Mosby by sending him a copy of the complaint and summons by registered or certified mail; (2) did not file the registered or certified mail return receipt; and (3) did not file an affidavit of compliance on or before the return date of process (*see* Doc. #17). Upon the Court's Order (Doc. #17), Plaintiff showed good cause for each of these mistakes (Doc. #18). The Court directed Plaintiff to file an appropriate motion for entry of Clerk's default as to Mosby on July 17, 2013 (Doc. #20).

prejudice, finding Plaintiff failed to comply with the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501 *et seq.*, because Plaintiff did not include sufficient facts to assure the Court that Mosby, as an individual, is not a member of the Armed Services. Plaintiff filed an Amended Motion for Default Judgment Against Defendants on October 24, 2013 (Doc. #27). The Amended Motion included an affidavit averring Mosby was not a member of the Armed Services, and a print-out from the Servicemembers Civil Relief Act Centralized Verification Service to support this assertion. *Id.* at Ex. 2, Ex. 3.

**II.     Applicable Law**

Rule 55 of the Federal Rules of Civil Procedure provides the requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default. *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005). However, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]

In addition to the requirements set forth in Rule 55, the Servicemembers Civil Relief Act ("SCRA"), imposes an additional burden on a plaintiff seeking to obtain a default

---

[4] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

judgment against an individual defendant. Pursuant to § 521 of the SCRA, in any civil action in which a defendant fails to appear:

> [T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit -
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1).

### III. Analysis and Discussion

The Fair Debt Collection Practices Act ("FDCPA") seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. *See* 15 U.S.C. § 1692(e); *Owen v. I.C. Sys., Inc.,* 629 F.3d 1263, 1270 (11th Cir. 2011). The FDCPA prohibits, *inter alia*, debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." *See* 15 U.S.C. § 1692f. A debt collector who "fails to comply with any [FDCPA] provision . . . with respect to any person is liable to such person" for "actual damage[s]," "costs," "a reasonable attorney's fee as determined by the court," and statutory "additional damages." *See* 15 U.S.C. § 1692k(a).

In order to prevail on an FDCPA claim, Plaintiff must establish that: (1) she was the object of collection activity arising from consumer debt; (2) Defendants qualify as a "debt collector" under the FDCPA; and (3) Defendants were engaged in an act or omission prohibited by the FDCPA. *McCorriston v. L.W.T., Inc., et al.,* 536 F. Supp.2d 1268, 1273 (M.D. Fla. 2008) (quoting *Kaplan v. Assetcare, Inc.,* 88 F. Supp.2d 1355, 1360-61 (S.D. Fla. 2000).

4

The facts contained within Plaintiff's Complaint establish that Plaintiff was the object of a collection activity arising from consumer debt. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1962a(5) (Doc. #1 at 3). Defendants attempted to collect this debt by calling Plaintiff's place of employment and leaving a message for her to call back to discuss an urgent matter. *Id.* at 4. Further, Plaintiff avers in her Complaint that Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1962a(6). *Id.* at 3. Plaintiff also avers that Defendants were engaged in an act or omission prohibited by the FDCPA when they left Plaintiff a misleading voicemail message and attempted to collect a debt without first obtaining proper licensing. *Id.* at 4-5.

Plaintiff also alleges that Defendants violated the Florida Consumer Collection Practices Act ("FCCPA") when Defendants claimed, attempted, or threatened to enforce a debt that they knew was not legitimate, or asserted the existence of some other legal right when they knew that the right does not exist (Doc. #1 at 15-16).

In contrast to the FDCPA, Plaintiff must prove, as part of the prima facie case alleging a violation of the FCCPA, that Defendants had actual knowledge that their claim of right to enforce the debt did not exist. *Cole v. Lobello Painting, Inc.,* 2007 WL 2330860, at *4 (M.D. Fla. Aug. 14, 2007) (quoting *In re Cooper,* 253 B.R. 286, 290 (Bkrtcy. N.D. Fla. 2000)); *Kaplan*, 88 F. Supp.2d at 1363 (S.D. Fla. 2000) (noting that FCCPA requires an allegation of knowledge of intent). Constructive knowledge is not sufficient. *Williams v. Streeps Music Co., Inc.,* 333 So.2d 65, 67 (Fla. 4th DCA 1976) (striking allegation that debt collector "should have known" the claim was not legitimate).

5

Plaintiff avers in her Complaint that Defendants had actual knowledge that Defendants right to enforce the debt did not exist when Defendants left a message at Plaintiff's place of employment (Doc. #1 at 14-16). Plaintiff alleges that Defendants' violations of the FCCPA have caused her to suffer personal humiliation, embarrassment, mental anguish and emotional distress. *Id.*

Accordingly, upon due consideration, it is hereby **RECOMMENDED** Plaintiff's Amended Motion for Default Judgment Against Defendants (Doc. #27) be **GRANTED**, and the Clerk be directed to enter judgment in favor of Plaintiff and against Defendants.

**DONE AND ENTERED** at Jacksonville, Florida this 28th day of October, 2013.

*/s/ Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:

Counsel of Record
*Pro Se* parties, if any