**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MECHELL THOMPSON,

    Plaintiff,

vs.                                                   Case No. 3:12-cv-692-J-99TJC-TEM

MOSBY LEGAL GROUP, LLC, and
RICARDO MOSBY,

    Defendants.

## ORDER

This case is before the Court on the Declaration of Alex D. Weisberg in Support of Attorney Fees and Costs (Doc. 34), filed on January 31, 2014 pursuant the Court's January 13, 2014 Order (Doc. 33), and the Notice of Filing Correction Regarding Exhibit B to the Declaration of Alex D. Weisberg in Support of Attorney Fees and Costs (Doc. 35). In its Order, the Court granted Plaintiff's amended motion for default judgment and determined that Plaintiff is entitled to an award of statutory damages, attorney's fees, and costs, but directed Plaintiff to file documentation in support of her request for attorney's fees and costs (Doc. 33 at 2). Plaintiff now submits the declaration of her attorney, Alex D. Weisberg, and the billing records of his firm in support of her request.

The Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act both provide that a successful plaintiff may recover costs and "reasonable" attorney's fees along with her damages. 15 U.S.C. 1692k(a)(3); Fla. Stat. § 559.77(2). In determining whether the fees requested are reasonable, courts consider "the number of hours reasonably expended on the litigation" and the reasonable hourly rate, the product

of which is the "lodestar" reasonable sum the party may recover. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

Reasonable hours expended are those that are not "'excessive, redundant or otherwise unnecessary' hours" and that reflect the attorney's exercise of "'billing judgment.'" Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434, 437 (1983)).  The court may conduct an hour-by-hour analysis of the fees requested to evaluate the reasonableness of the hours expended or, if appropriate, apply an across-the-board reduction. Bivens, 548 F.3d at 1351.  An across-the-board reduction is generally appropriate in a case with voluminous billing records. Kenny A. v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008); Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994).

In determining the reasonable hourly rate, the court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299.  "The relevant legal community" is generally the place where the case is filed. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999).  In determining if the requested rate is reasonable, the court may consider the applicable Johnson factors[1] and may rely on its own knowledge and experience. Norman, 836 F.2d at 1299-1300, 1303 ("The court, either

---

[1] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quotations omitted)); see Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).  "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." Norman, 836 F.2d at 1299 (citations omitted).  Instead, satisfactory evidence may be the charges of lawyers in similar circumstances or opinion evidence. Id.

After calculating the appropriate rate and number of hours worked, "the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured into the computation, the most important being the relation of the results obtained to the work done." Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000); see Hensley, 461 U.S. at 436 (holding that a fee application based on claims that were "interrelated, nonfrivolous, and raised in good faith" may still be excessive where the applicant achieved only partial or limited success).

Plaintiff in this case submitted the declaration of her lead attorney and his firm's billing records in support of her request for fees and costs.  (Doc. 34.)  The billing records reflect a total of 58.8 hours worked on this matter.  (Doc. 34-1.)  Plaintiff's counsel states that he ordinarily charges $335 per hour for senior attorneys, $175 per hour for all other attorneys, $135 per hour for paralegals, and $100 per hour for administrative staff, with a total fee accrued in this case of $9,455.  (Doc. 34 at ¶¶ 5, 7.)  Plaintiff's counsel states that he then exercised his billing judgment to remove duplicative and excessive time, bringing the final amount of fees requested to $3,500.  (Id. at ¶ 17.)

The Court finds that the $3,500 in fees requested is reasonable. The billing records in this case are not voluminous. After a review of the declaration and an hour-by-hour analysis of the records, the Court concludes that the amount requested reflects an appropriate reduction of the 58.8 total hours worked to exclude redundant and excessive hours, as well as administrative time that is not recoverable. Moreover, though Plaintiff's counsel has not provided any background information regarding the skills, experience, and reputation of the attorneys and paralegals who worked on this case, the Court finds that, along with the adjustment of the hours worked, the $3,500 total fees requested appropriately accounts for the prevailing market rate in the Jacksonville, Florida legal community based on the Court's own knowledge and experience. Finally, the amount of fees requested is appropriate for a case resolved on motion for default judgment. Accordingly, the Court will award Plaintiff $3,500 in attorney's fees.

The Court will also award the $546.75 in costs requested by Plaintiff.[2] From a review of the records submitted in support of the costs request, the Court finds the costs incurred are appropriate. Accordingly, it is hereby

**ORDERED**:

1.   Judgment is to be entered in favor of Plaintiff Mechell Thompson and against Defendant Mosby Legal Group, LLC and Defendant Ricardo Mosby, jointly and severally, in the following amounts: $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), plus prejudgment interest on that amount at the rate of .18 percent per

---

[2] The records submitted in support of the request for costs actually reflect $583.15 in costs was incurred (Doc. 35-1), but Plaintiff only seeks recovery of $546.75 in costs (Doc. 34 at ¶¶ 18, 22).

annum beginning on June 18, 2012 (the date the complaint was filed) through the date judgment is entered; $1,000.00 in statutory damages pursuant to Florida Statutes § 559.77(2), plus prejudgment interest on that amount at the rate of 4.75 percent per annum beginning on June 18, 2012 through the date judgment is entered; post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961; $3,500 in attorney's fees; and $546.75 in costs.

2. Consistent with paragraph 1 above, the Clerk of Court should enter judgment in favor of Plaintiff Mechell Thompson and against Defendant Mosby Legal Group, LLC and Defendant Ricardo Mosby, jointly and severally, in the amount of $6,127.22, plus post-judgment interest as provided by law.

3. The proposed "Order of Final Judgment" attached to the Declaration of (Doc. 34-3) is **STRICKEN**.

4. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on this 4th day of February, 2014.

                                                TIMOTHY J. CORRIGAN
                                                United States District Judge

bjb.
Copies:

Counsel of Record

Pro se parties, if any

Mosby Legal Group, LLC
c/o Gary Hall
3400 Peachtree Road NE
Suite 625
Atlanta, GA  30326

Ricardo Mosby
3400 Peachtree Road NE
Suite 625
Atlanta, GA  30326

Ricardo Mosby
c/o Secretary of State
P.O. Box 6327
Tallahassee, FL 32314